1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNY Y. EARP,                          No.  2: 21-cv-1656 KJN P

12                    Plaintiff,

13          v.                                ORDER & FINDINGS &
                                              RECOMMENDATIONS
14    TOWNSEND, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned recommends that this action

19    be dismissed.

20          On February 28, 2022 (ECF No. 17) and February 10, 2023 (ECF No. 28-3) plaintiff was

21    advised of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of

22    Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and

23    Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

24          On February 10, 2023, defendant filed a motion for summary judgment pursuant to Rule

25    56.  (ECF No. 28.)  On March 9, 2023, the undersigned granted plaintiff a sixty days extension of

26    time to file his opposition to defendant's summary judgment motion.  (ECF No. 32.)  Sixty days

27    passed and plaintiff did not file his opposition or otherwise respond to the March 9, 2023 order.

28    ////

                                              1

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for approximately 1 ½ years and reached the stage, set by the court's February 28, 2022 scheduling order, for filing and resolution of dispositive motions. Plaintiff's failure to comply with the court's March 9, 2023 order granting him a sixty days extension of time to file an opposition to defendant's summary judgment motion suggests that he abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendant from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendant to incur additional time and expense.

The fifth factor also favors dismissal. The court granted plaintiff ample time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See

2

1    Ferdik, 963 F.2d at 1263.

2         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a

3    district judge to this action; and

4         IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice

5    pursuant to Federal Rule of Civil Procedure 41(b).

6         These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11    objections shall be filed and served within fourteen days after service of the objections.  The

12    parties are advised that failure to file objections within the specified time may waive the right to

13    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14    Dated:  May 16, 2023

15

16    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22    Earp1656.fr

23

24

25

26

27

28